[Civ. No. 13740.   Second Dist., Div. One.   Aug. 7, 1942.]

LAURA JOHNSON, Respondent, v. ODEAL M. JOHNSON, Appellant.

Harold B. Pool and Robert G. Johnson for Appellant.

Sylvester Isonberg for Respondent.

DORAN, J.—This is an appeal from a final judgment; from an order denying the motion of the defendant for a new trial and denying the motion of said defendant for an order vacating the judgment appealed from, and for the entry of new and different conclusions of law and a new and different judgment in favor of said defendant, pursuant to the provisions of sections 663 and 663a of the Code of Civil Procedure. The action is one against appellant to annul a decree in probate whereby the estate of one Cornelius A. Johnson, deceased, was set aside to appellant as his widow, pursuant to the provisions of section 640 of the Probate Code. The complaint in the instant action was based upon fraud in the procurement of the decree in question, and the trial court found for the plaintiff, the mother of the deceased, and entered judgment accordingly.

The complaint herein alleges that said Cornelius A. Johnson died intestate in the city of Los Angeles on or about the 11th day of March, 1940, leaving an estate consisting of real and personal property; that said deceased left no surviving spouse or widow, no children, and no father; that the plaintiff is the surviving mother of said deceased and, as such, is entitled to all of the property of decedent. That on the 11th day of June, 1940, by proceedings duly instituted and prosecuted in the Probate Department of the Superior Court of Los Angeles County appellant herein, "by pretending and falsely representing herself to be the surviving spouse or widow of said deceased and thereby deceiving said Court and this plaintiff into such belief, in her petition and showing in Case No. 194137 in the records of said Probate Court, and by her general appearances, to such effect, induced and caused said Probate Court to make and enter its decree setting apart and assigning absolutely unto said defendant (appellant) all of the aforesaid property as the surviving spouse of said deceased under section 640 of the Probate Code."

The complaint then alleges that the appellant is not the surviving spouse of said deceased and was not such surviving spouse at the date of making and entering of said decree in probate, nor at any other time; and that appellant practiced deception, imposition and fraud upon the probate court and plaintiff by falsely representing herself to be the surviving spouse of said deceased. The portion of the complaint which sets forth facts relied upon to show the fraud of appellant is as follows:

"(a) That on the 20th day of October, 1930, said defendant, by and under the name of Odeal Talamon, procured and had entered an interlocutory decree of divorce from one James C. Talamon in the case entitled: 'Odeal Talamon, Plaintiff, vs. James C. Talamon, Defendant, No. D-87638,' in the records of the Superior Court of the State of California in and for the County of Los Angeles; and that said defendant never did obtain a final decree of divorce in said action, but the defendant therein, James C. Talamon, did obtain such final decree of divorce on the 23rd day of May, 1941.

"(b) Plaintiff alleges on information and belief that subsequent to the entering of said interlocutory decree of divorce, and the particular date is unknown to this plaintiff, said defendant deliberately devised a scheme to defraud plaintiff of her expected right, title and interest in and to the aforesaid property and that pursuant thereto said defendant gained influence over said deceased and his confidence so as to impress him that she was an unmarried woman; that by and under the name of Odeal Pecot, said defendant contracted marriage with said deceased and induced him to accompany her to the City of Santa Ana in the County of Orange in this State and then and there did go through a purported marriage ceremony under a license issued under said name of Odeal Pecot; that said deceased believed that defendant was an unmarried woman capable of contracting and entering into a valid marriage, as also did this plaintiff all time thereafter, except as hereinafter shown.

"(c) That the procurement of said interlocutory decree of divorce by defendant from said James C. Talamon on October 20, 1930, and the great lapse of time subsequent thereto and false representations of defendant as to her marital status, deceived plaintiff into the false belief that said defendant was an unmarried woman when she entered into said marriage with said deceased; that said defendant kept her

failure to obtain said final decree of divorce cunningly concealed from the plaintiff and the deceased by her conduct and deportment as an unmarried woman; and that plaintiff only learned of such failure to obtain said final decree of divorce within the past thirty (30) days.''

It is then alleged that because of the falsehood and deception on the part of appellant, plaintiff was deceived into the belief that appellant was the legal surviving spouse of said deceased when said decree was entered by the probate court assigning all of said property of the deceased to appellant as such; and that plaintiff was thereby prevented from presenting the proper opposition thereto, all of which deception, falsehood and fraud prevented a presentation of plaintiff's right to all of the said property of said deceased, as his only heir.

A copy of the probate decree in question is attached to the complaint as an exhibit and, with the exception of the itemized list of the property of the estate, reads as follows:

''The verified petition herein of Odeal M. Johnson, by Robert G. Johnson, her attorney, for letters of administration or to assign estate, coming on regularly this 11th day of June, 1940, for hearing by the Court, all notices of said hearing having been given as required by law, and objections having been presented, and the evidence having been heard, the Court hereby overrules the objections, and finds that the net value of the whole estate of said deceased, over and above all liens or encumbrances of record at the date of death of said deceased, does not exceed the sum of $2500.00; that the expenses of the last illness of said deceased, funeral charges and expenses of administration have been paid, and that the personal estate of the surviving spouse of said deceased does not exceed the sum of $5000.00.

''It is therefore Ordered, Adjudged and Decreed by the Court that the petition for letters of administration is hereby denied, and that the whole of the estate of said Cornelius A. Johnson, deceased, be and the same is hereby assigned to, and that the title thereof shall vest absolutely in Odeal M. Johnson, the surviving spouse of said deceased, subject to whatever mortgages, liens or encumbrances there may have been thereon at the time of the death of said deceased.''

Appellant's answer denied the allegations of fraud, denied that a final decree of divorce was not obtained in the divorce action referred to in the complaint until the 23rd day of May,

1941, and specifically alleged that the parties to said divorce action were entitled to a final decree of divorce on the 21st day of October, 1930, and that the final decree of divorce in said action had been entered therein as of said date. In a second separate defense appellant claimed that the complaint did not state facts sufficient to constitute a cause of action.

Evidence introduced at the trial reveals that appellant married Cornelius A. Johnson on November 2, 1938, which was eight years after obtaining her interlocutory decree of divorce above mentioned. The record also reveals that the final judgment of divorce in the matter referred to was entered May 23, 1941; but said final judgment was later vacated on motion of appellant and a second final judgment was entered June 17, 1941, *nunc pro tunc* as of October 21, 1931, on the ground that through inadvertence the first judgment has been entered as of May 23, 1941, instead of October 21, 1931. Thereafter, and on September 29, 1941, another decree was entered vacating the judgments previously entered, except the interlocutory judgment, and granting appellant a final decree of divorce as of October 21, 1931. This last decree recites that it is made because of some doubt as to the validity of the *nunc pro tunc* final decree entered on June 17, 1941. The record shows that the plaintiff's case rests solely upon the fact that no final decree of divorce was entered until May 23, 1941.

The trial court found that in representing herself as the surviving spouse of the deceased appellant had fraudulently induced the probate court to enter the decree setting aside the deceased's estate to her, that at the date of deceased's death the marriage of appellant with her previous husband was still in existence and undissolved; and the court concluded that appellant was not the lawful wife of deceased at the time of his death and that appellant had perpetrated a constructive fraud upon the court in applying to have deceased's estate set aside to her; and that the decree in probate setting aside the estate to appellant was void.

The complaint contains no allegation, nor was there any evidence offered or finding made to the effect that appellant knew or believed that her representation to be the wife of the deceased was false. At the trial appellant testified that at the time of her second marriage she believed herself to be a single woman; that she was under the impression that her final decree of divorce had been obtained and that it was her understanding and belief that a final decree of divorce was auto-

matically entered one year after the entry of the interlocutory decree. She also testified that she first learned that the final decree had not been entered on June 7, 1941. There is nothing in the record to controvert her testimony in this respect. The first final judgment appears from the record to have been entered on May 23, 1941, at the request of counsel for appellant's prior husband.

■ The respective contentions of the parties need not be set forth here. The foregoing demonstrates that plaintiff and respondent's action herein to have the decree in probate vacated is unfounded, and that the findings and conclusions of the trial court are not supported by the evidence. Though respondent alleged in her complaint that appellant's fraud prevented respondent from offering proper opposition to appellant's petition to have the estate set aside, there is no evidence that appellant made any representation to respondent or did any act to prevent respondent from fully defending or asserting any right she may have had to the property of the deceased. The only proper conclusion to be drawn from the evidence is that both appellant and respondent, as well as the deceased, were laboring under a misapprehension as to the entry of the decree of divorce. Such circumstances fall far short of establishing a case of extrinsic fraud, even assuming any fraud at all to have been proven. ■ It is well established, upon abundant authority, that to constitute grounds for equitable relief from a judgment, the fraud shown must be extrinsic or collateral to the question examined and determined in the proceedings resulting in the judgment or order. (15 Cal. Jur. 14, § 123, and cases cited.)

"When the alleged fraud or coercion is of such nature that it may reasonably be presented to the court at the trial so as to afford full and fair protection to the rights of the interested parties and they fail or neglect to avail themselves of that opportunity, a court of equity will not disturb the judgment rendered in such circumstances, but will leave the parties in the position in which they placed themselves." (*Godfrey* v. *Godfrey*, 30 Cal. App. (2d) 370, 379 [86 P. (2d) 357].)

■ Any failure of respondent to have presented any defense or objection to appellant's petition in the probate court was not shown here to have been caused by any act or representation of appellant. It should be noted that the judgment of the trial court was merely based upon a finding of "constructive" fraud. Moreover, it does not appear from the evidence presented that at the hearing in probate, upon appel-

lant's said petition, the court was not fully apprised of the circumstances of which respondent now complains, except for the testimony of appellant in the instant case to the effect that at the time of her petition to the probate court she was not aware that her final decree of divorce had not been entered.

It is not necessary here to pass upon the question of the effect of the entry *nunc pro tunc* of the final judgment of divorce. It should be noted, however, that section 133 of the Civil Code, as amended (Stats. 1941, chap. 995, in effect on the ninety-first day after June 14, 1941), reads:

"Whenever either of the parties in a divorce action is, under the law, entitled to a final judgment, but by mistake, negligence or inadvertence the same has not been signed, filed or entered, if no appeal has been taken from the interlocutory judgment or motion for a new trial made, the court, on the motion of either party thereto or upon its own motion, may cause a final judgment to be signed, dated, filed and entered therein granting the divorce as of the date when the same could have been given or made by the court if applied for. The court may cause such final judgment to be signed, dated, filed and entered *nunc pro tunc* as aforesaid, even though a final judgment may have been previously entered where by mistake, negligence or inadvertence the same has not been signed, filed or entered as soon as it could have been entered under the law if applied for. Upon the filing of such final judgment, the parties to such action shall be deemed to have been restored to the status of single persons as of the date affixed to such judgment, and any marriage of either of such parties subsequent to one year after the granting of the interlocutory judgment as shown by the minutes of the court, and after the final judgment could have been entered under the law if applied for, shall be valid for all purposes as of the date affixed to such final judgment, upon the filing thereof."

For the foregoing reasons the judgment is reversed, with directions to the trial court to enter a judgment in favor of defendant and appellant. The appeal from the order denying motion for new trial and denying motion of defendant for an order vacating the judgment appealed from and for the entry of a new and different judgment is dismissed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied September 3, 1942, and the following opinion was thereupon rendered:

THE COURT.—In the petition for rehearing herein respondent contends that the decision is not based upon the portion of the complaint charging constructive fraud or mistake *as admitted by appellant's answer*. However, it does not appear that appellant has admitted the existence of any fraud, constructive or otherwise. It should also be pointed out that the trial court's finding of constructive fraud is not sustained by the evidence. Neither the relationship, if any, of appellant and respondent nor the circumstances under which appellant petitioned the probate court to have the deceased's estate set aside to her as his wife furnished the basis for such a finding, regardless of the legal effect of the entry *nunc pro tunc* of appellant's final decree of divorce or of the like effect of the failure to enter the decree earlier. No authority has been offered which would justify a ruling that appellant was guilty of constructive fraud under the circumstances here presented.

As already pointed out in the opinion filed herein, the only proper conclusion to be drawn from the evidence is that both parties were laboring under a misapprehension as to the entry of the final decree of divorce. The rule for setting aside judgments because of mistake is well expressed in *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317], which case comes closer to being analogous to the present one than any other cited by respondent. In the Bacon case, at the hearing of the petition for distribution of an estate the original will in the handwriting of the testator was on file, but it was not produced and examined, or read by or to the court. The petition was prepared from one of the typewritten copies of the will, which copy stated the plaintiff's legacy as two thousand instead of ten thousand dollars. The attorney for the executor read this statement to the court and also stated that it was a correct statement of the contents of the will. The mistake in question appeared to have been common to all parties, as well as to the court. The Supreme Court there stated in its opinion (at page 490) : "If the plaintiff had been present at the hearing, contending that the will gave her ten thousand dollars, had presented the point to the court, and the court had thereupon read the word 'ten' as 'two,' and had made the distribution as it was made by the judgment appealed from, no doubt she would be precluded from any relief by way of equitable review, no matter how plain the mistake of the court would appear." The court there stated: "The gravamen of the rule

. . . lies in the fact that 'the unsuccessful party has been prevented from exhibiting fully his case,' and, consequently, that there has been 'no adversary trial or decision of the issue,' no 'real contest at the trial,' or, as stated in *Pico* v. *Cohn* [91 Cal. 129 (25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159)], no 'fair submission of the controversy.' Where the unsuccessful party has been thus hindered he is not to be refused relief on the ground that the fact on which his defense or claim in the original action depended, and by which he expects to bring about a different result in the new suit for equitable relief, was technically in issue in the original action or proceeding, or was necessarily decided by the court in that action and concluded by the original judgment beyond reach on collateral inquiry.'' The court also stated that the mistake was not caused by the culpable negligence of the plaintiff.

The situation presented by the case at bar, however, is distinct from that in the Bacon case. Unlike the plaintiff in the Bacon case, the respondent here was not misled by any mistake or act of another party. Upon the record, nothing appears to have hindered respondent from ascertaining the facts concerning the decree of divorce in question other than respondent's own failure to exercise diligence in discovering the same. It might also be pointed out that the circumstances here presented would have afforded respondent no grounds to move for a new trial because of newly discovered evidence, since it is plain that with the exercise of reasonable diligence the facts could have been discovered prior to the hearing in probate upon appellant's petition to have the estate set aside to her. Respondent does not complain of any lack of notice of appellant's petition to the probate court. A cursory examination of the records in the divorce action would have revealed the true facts. If the circumstances here presented would not have afforded respondent relief by way of a new trial or hearing, how can they be said to afford respondent grounds for having the decree set aside? From all that appears in the record the equities are in favor of appellant.

It should be emphasized that the opinion of this court is based solely upon the conclusion that the findings of the trial court are not sustained by the evidence and that the evidence presents no justification for setting aside the decree in probate here in question. The legal effect of the entry *nunc pro tunc*

of appellant's decree of divorce has no bearing upon the question here decided.

The petition for rehearing is denied.

Respondent's petition for a hearing by the Supreme Court was denied October 5, 1942.